### MAGONE, Collector, v. AMERICAN TRADING CO.

#### (Circuit Court of Appeals, Second Circuit.    December 6, 1892.)

CUSTOMS DUTIES—TARIFF ACT OF MARCH 3, 1883—PAPER SCREENS — CLASSIFI-
CATION
　　Screens imported during the year 1888, which were composed of paper,
　as their component material of chief value, and of wood and metal, which
　were used on the floors of dwelling houses, or other places, to intercept
　heat, light, or moving air, or to conceal portions of rooms or objects, and
　which were then known in trade and commerce of this country
　as "paper screens," were not dutiable at the rate of 40 per cent. ad
　valorem, as screens, under the provision for "all other mats not ex-
　clusively of vegetable material, screens, hassocks, and rugs," contained
　in (paragraph 378, Tariff Ind., New) Schedule K (entitled "Wools and
　Woolens") of the tariff act of March 3, 1883, (22 Stat. 510,) but were duti-
　able at the rate of 15 per cent. ad valorem, under the provision for "Pa-
　per, manufactures of, or of which paper is a component material, not
　specially enumerated or provided for in this act," contained in (paragraph
　388, Tariff Ind., New) Schedule M (entitled "Books, Papers, etc.,") of the
　same tariff act, (22 Stat. 510.)

Error to the Circuit Court of the United States for the Southern
District of New York.

At Law.   Action by the American Trading Company against
Daniel Magone, collector of the port of New York, to recover duties
paid under protest.   There were verdict and judgment for plaintiff,
and defendant brings error.   Affirmed.

During the year 1888 the American Trading Company, the defendant in
error, made three importations of screens from Japan into the United States,
at the port of New York.   These screens were classified for duty as "screens,"
under the provision for "screens" contained in Schedule K of the tariff act of
March 3, 1883, (22 Stat. 510; Tariff Ind., New, par. 378,) and duty was exacted
thereon, of the defendant in error, at the rate of 40 per cent. ad valorem, by
Daniel Magone, the plaintiff in error, as collector of customs at that port.
Schedule K, entitled "Wools and Woolens," after providing for wools and
hairs, and manufactures of wools, worsteds, and hairs, including various
kinds of carpets or carpetings, and all druggets and bockings, provides
(Tariff Ind., New, par. 378) that "carpets and carpetings of wool, flax, or cot-
ton, or parts of either or other material, not otherwise herein specified, forty
per centum ad valorem; and mats, rugs, screens, covers, hassocks, bedsides,
and other portions of carpets or carpetings, shall be subjected to the rate of
duty herein imposed on carpets or carpeting of like character or description;
and the duty on all other mats, not exclusively of vegetable material, screens,
hassocks, and rugs, shall be forty per centum ad valorem."   The defendant
in error duly protested against this classification and this exaction, claiming
in its protests that these screens were dutiable at the rate of 15 per cent. ad
valorem, as "manufactures of paper, or of which paper is component mate-
rial, not specially enumerated or provided for," under the provision for such
manufactures contained in Schedule M (entitled "Books, Paper, etc.") of the
aforesaid tariff act, (22 Stat. 510; Tariff Ind., New, par. 388.)   The defendant in
error made due appeals, as prescribed by law, and, within 90 days after
adverse decision thereon by the secretary of the treasury, brought this suit

at law in the circuit court of the United States for the southern district of New York to recover all duty exacted on these screens in excess of duty at the rate of 15 per cent. ad valorem. These screens were the ordinary movable screens, such as are used on the floors of dwelling houses or other places to intercept heat, light, or moving air, and protect therefrom persons sitting behind them, or portions of rooms, or any other thing that it is desired to keep from sight. They were composed of paper, wood, and metal, were about 4½ feet high, and consisted, some of three, and some of four, folds. The value of the metal in these screens was from 15 to 16 per cent. of the whole value thereof; the value of the wood, from 20 to 22 per cent.; and the value of the paper, from 65 to 62 per cent. At and prior to March 3, 1883, screens like these screens were known in trade and commerce of this country as "paper screens." Both sides having rested, counsel for the plaintiff in error moved the circuit court to direct the jury to find a verdict for the plaintiff in error as to these screens, on the ground that they were provided for, eo nomine, in Schedule K of the aforesaid tariff act of March 3, 1883, (Tariff Ind., New, par. 378,) and were therefore promptly subjected by the plaintiff in error, as said collector, to duty at the rate of 40 per cent. ad valorem. The circuit court refused to direct the jury to find for the plaintiff in error, but, on the contrary, directed a verdict for the defendant in error. There was a verdict and judgment accordingly, and the plaintiff in error sued out this writ of error.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for plaintiff in error.

Curie, Smith & Mackie, (W. Wickham Smith, of counsel,) for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The plaintiff in error was defendant in the court below. The suit was brought to recover duties alleged to have been illegally exacted by the defendant, as collector of the port of New York, upon certain importations made by the plaintiff in October and December, 1883. The importations were the ordinary movable screens, such as are used on the floors of dwelling houses or other places to intercept heat, light, or currents of air, or to conceal objects or portions of the room. They were composed of paper, wood, and metal. They were about 4½ feet high. Some had three and some four folds. The value of the metal in the screens was from 15 to 16 per cent. of the whole value thereof; the value of the wood, from 20 to 22 per cent.; and the value of the paper, from 62 to 65 per cent.; and at and prior to March 3, 1883, such screens were known in trade and commerce in this country as "paper screens." The collector classified this merchandise for duty under that part of Schedule K ("Wools and Woolens") of the tariff act of 1883 which reads as follows:

"Carpets and carpeting of wool, flax, or cotton, or portions of either or other material, not otherwise herein specified, 40 per centum ad valorem; and mats, rugs, screens, covers. hassocks, bedsides and other portions of carpets or carpeting shall be subjected to the rate of duty herein imposed on carpets or carpetings of like character or description, and the duty on all other mats not exclusively of vegetable material, screens, hassocks and rugs shall be 40 per centum ad valorem."

The plaintiff duly protested against this classification, claiming in its protest that the screens were dutiable under that part of

Schedule M of the same act at the rate of 15 per centum ad valorem, as "manufactures of paper, or of which paper is a component material, not specially enumerated or provided for." We conclude that the screens referred to in the paragraph of the wool section, as well those "not exclusively of vegetable material," as all others, are articles ejusdem generis with the other articles named in the group. Consequently, we are of the opinion that the importations in question should have been classified as manufactures of paper, and that the ruling of the circuit court, directing a verdict for the plaintiff upon that ground, was right.

The judgment is affirmed.